## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SALVATORE CHIMENTI, | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil No. 2:98-cv-06151-JMG |
| | : | |
| FREDERICK K. FRANK, *et al.*, | : | |
| Respondents. | : | |

## MEMORANDUM OPINION

**GALLAGHER, J.**                                                        **April 14, 2022**

Over twenty years ago, this Court denied Petitioner Salvatore Chimenti's petition for writ of habeas corpus. Chimenti now asks that the Court set aside the prior denial under Federal Rule of Civil Procedure 60(b). Chimenti's request amounts to an unauthorized successive habeas petition, so it will be transferred to the United States Court of Appeals for the Third Circuit.

## I.    BACKGROUND

Chimenti is a state prisoner who is currently serving a mandatory life sentence after he was convicted of first-degree murder and possession of an instrument of crime in 1983. The Superior Court of Pennsylvania affirmed Chimenti's judgment of sentence in 1987. *See Commonwealth v. Chimenti*, 524 A.2d 913 (Pa. Super. Ct. 1987). The Supreme Court of Pennsylvania denied Chimenti's petition for allowance of an appeal that same year. *See Commonwealth v. Chimenti*, 533 A.2d 711 (Table) (Pa. 1987).

In 1990, Chimenti filed his first petition under the Pennsylvania Post-Conviction Relief Act ("PCRA"). It was denied in 1995, and the Superior Court affirmed the denial in 1997. *See Commonwealth v. Chimenti*, No. CP-51-CR-0633651-1982, 2018 WL 7197630, at *4–5 (Pa. C.P.

Nov. 30, 2018) (summarizing procedural history).  The Supreme Court of Pennsylvania also denied Chimenti's petition for an allowance of appeal in 1997.  *See Commonwealth v. Chimenti*, 705 A.2d 1304 (Table) (Pa. 1997).

Chimenti then brought a collateral attack before this Court pursuant to 28 U.S.C. § 2254 of the Antiterrorism and Effective Death Penalty Act ("AEDPA").  (*See* ECF No. 1.)  Chimenti requested "federal habeas relief on four grounds: (1) prosecutorial misconduct; (2) ineffective assistance of trial counsel; (3) abrogation by the District Attorney of a properly executed co-operation agreement; and (4) ineffective assistance of post-trial and direct appeal counsel." *Chimenti v. Frank*, No. 98-6151, 2001 WL 21496, at *1 (E.D. Pa. Jan. 9, 2001).  As relevant here, Chimenti specifically alleged that his trial counsel, Joel Moldovsky, Esq., was ineffective for "suborning perjury from trial witnesses."  *Id.* at *4.

Judge Clifford Scott Green held an evidentiary hearing on July 5, 2000, and heard testimony from four witnesses, including Moldovsky.  *Id.* at *1.  Ultimately, Judge Green denied Chimenti's petition, reasoning as follows:

> At [the] hearing, Petitioner's trial counsel testified that he did not "suborn perjury."  He also testified that he made a tactical decision not to call [certain witnesses], because their testimony would contradict Petitioner's sworn testimony and defense strategy. During the course of the hearing, Petitioner failed to offer any evidence that his trial counsel suborned perjury.  Nor was there any evidence that Petitioner's own testimony, which was consistent with the alleged perjured testimony, was the result of counsel overcoming Petitioner's will.  There was also no evidence that trial counsel was ineffective for failing to call [certain witnesses].  Moreover, Petitioner failed to demonstrate that he was prejudiced by his trial counsel's alleged deficiencies.

*Id.* at *4 (internal citations omitted).  The United States Court of Appeals for the Third Circuit denied Chimenti a certificate of appealability in 2002.  (*See* ECF No. 54.)

2

In March 2015, Chimenti requested that the Philadelphia District Attorney's Office ("DAO") review his conviction.  (*See* ECF No. 66 at 8 n.1.)  The DAO's Conviction Integrity Unit ("CIU") performed "a comprehensive review of the files archived by the DAO and interviews of relevant witnesses." (*Id.* at 8–9.)  The investigation substantiated Chimenti's claim that his trial counsel had suborned perjury.  (*Id.* at 11.)

This was not the first time that the DAO reviewed Chimenti's case.  Shortly after his conviction, Chimenti retained new counsel who "contacted the Philadelphia District Attorney's Office regarding trial counsel's alleged subornation of perjury." *Chimenti*, 2018 WL 7197630, at *2.  The DAO then launched its own investigation and entered an agreement with Chimenti whereby Chimenti "would not litigate his subornation his perjury claim post-verdict so that the Commonwealth could pursue its investigation confidentially." *Id.* at *3.  If the DAO's investigation determined that there was in fact subornation of perjury, the parties "agreed to seek remand from Superior Court, [Chimenti's] conviction for first degree murder would be vacated and he would enter a negotiated guilty plea to murder generally with a certification that the degree of guilt rose no higher than murder in the third degree." *Id.*

However, in 1986, the Supreme Court of Pennsylvania refused to honor the parties' agreement, even though the DAO acknowledged—as a result of its independent investigation—that Chimenti's allegations of perjury were "reliable."[1]  (ECF No. 66-1 at 25.)  The Court found the agreement "unenforceable at least in as so far as it could work to modify [Chimenti's] conviction or sentence." *Frank*, 2001 WL 21496, at *6; *see Chimenti*, 507 A.2d at 83 (recognizing

---

[1]      Indeed, records confirm "that the DAO had substantiated Chimenti's claims in 1984 by interviewing relevant . . . witnesses as well as records of polygraph examinations."  (ECF No. 66 at 11.)

that the parties' agreement would "effectively abrogate[] a jury verdict without any semblance of a record").

For purposes of the instant motion, Chimenti does not seek to revive his since-invalidated agreement with the DAO.  (*See* ECF No. 56 at 4 ("[T]he instant Motion neither invokes nor relies upon the negated agreement.").)  But the fruits of that initial investigation are still relevant here.  As part of that inquiry, the DAO "made unconditional promises of non-prosecution and immunity" to four witnesses[2] who could have substantiated the allegations of perjury.  (ECF No. 66 at 11; *see also* ECF No. 66-1 at 5–8.)  Only in 2018 did the DAO provide Chimenti with copies of these immunity letters.  (*See* ECF No. 66 at 12.)  "The CIU also found records confirming that the DAO had substantiated Chimenti's claims in 1984 by interviewing relevant . . . witnesses as well as records of polygraph examinations."  (*Id.* at 11.)

Armed with this new information and the DAO's reiteration that his perjury claims had merit, Chimenti filed a successive PCRA petition in 2018.  *See Chimenti*, 2018 WL 7197630, at *9.  The DAO joined in Chimenti's request to vacate his conviction.  (*See* ECF No. 66-1 at 109 ("The Commonwealth joins in Defendant's request . . . that this Court grant relief and vacate his conviction pursuant to 18 Pa.C.S. § 9545(b)(1)(i) or, in the alternative, schedule this matter for an evidentiary hearing.").)

Chimenti's successive petition was dismissed as untimely and presenting issues that were previously litigated.  *See Chimenti*, 2018 WL 7197630, at *10–15.  The Superior Court affirmed the dismissal of the petition on September 4, 2019.  *See Commonwealth v. Chimenti*, 218 A.3d

---

[2]      These immunized witnesses did not testify before Judge Green.  At that time, it was the DAO's position that "any witness admitting to perjury . . . would face criminal charges," notwithstanding the prior promises of non-prosecution and immunity.  (ECF No. 66 at 11–12.)

963, 976 (Pa. Super. Ct. 2019).  The Supreme Court of Pennsylvania denied Chimenti's petition for an allowance of appeal in 2020.  *See Commonwealth v. Chimenti*, 229 A.3d 565 (Table) (Pa. 2020).

Chimenti now returns to federal court.  On October 29, 2021, Chimenti filed the instant Rule 60(b) motion.  (ECF No. 56.)  Chimenti contends that his federal habeas petition should not have been dismissed because the DAO "failed to provide Judge Green with relevant, exculpatory and material evidence on [his] ineffectiveness claim."  (*Id.* at 2.)  The DAO filed a response on April 4, 2022.  (ECF No. 66.)  It "does not oppose Chimenti's Rule 60(b) Motion and agrees that relief is warranted in the form of a new trial."  (*Id.* at 19.)

## II.     STANDARD

At issue here is the interplay between Rule 60(b) and the AEDPA.  Rule 60(b) allows courts to relieve parties from final judgments under a limited set of circumstances.  FED. R. CIV. P. 60(b). "The general purpose of Rule 60(b) . . . is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done."  *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 271 (3d Cir. 2002) (internal quotation marks and citation omitted). "Rule 60(b) motions are viewed as extraordinary relief which should be granted only where extraordinary justifying circumstances are present."  *Kiburz v. Sec'y, U.S. Dep't of Navy*, 446 F. App'x 434, 436 (3d Cir. 2011) (internal quotation marks and citation omitted).   "Such circumstances will rarely occur in the habeas context."  *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

"Because this is a federal habeas action, . . . Rule 60(b) is curtailed in how it can be used." *Kubis v. Dist. Att'y of Bucks Cnty.*, No. 15-2142, 2020 WL 4431504, at *2 (E.D. Pa. July 30, 2020). Habeas petitioners cannot invoke Rule 60(b) to "circumvent the intent of the gatekeeping function"

of the AEDPA. *Robinson v. Johnson*, 313 F.3d 128, 140 (3d Cir. 2002). The AEDPA requires petitioners to "obtain leave from the appropriate court of appeals before filing with the district court a second or successive habeas petition." *Stephens v. Wynder*, No. 3:07-00412, 2022 WL 834298, at *2 (M.D. Pa. Mar. 21, 2022); *see* 28 U.S.C. § 2244(b). As such, when faced with a Rule 60(b) motion in a habeas case, district courts must first determine "whether the motion is a true Rule 60(b) motion or is actually a second or successive habeas petition." *Bailey v. Blaine*, No. 01-5, 2020 WL 1249686, at *5 (W.D. Pa. Feb. 28, 2020); *see Gonzalez*, 545 U.S. at 533–35.

A Rule 60(b) that advances one or more "claims" will be construed as a "second or successive habeas corpus application." *Gonzalez*, 545 U.S. at 530–32 (quoting 28 U.S.C. § 2244(b)(1)–(2)). "In most cases, determining whether a Rule 60(b) motion advances one or more 'claims' will be relatively simple." *Id.* at 532. "A motion that seeks to add a new ground for relief . . . will of course qualify." *Id.* So will a motion that "attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantiative provisions of the statutes, entitled to habeas relief." *Id.* A motion that presents newly discovered evidence in support of a claim that was previously denied also presents a "claim." *Id.* at 531–32. District courts do not have jurisdiction to consider such Rule 60(b) motions. *Burton v. Stewart*, 549 U.S. 147, 157 (2007).

By contrast, a motion is a "true" Rule 60(b) motion if it challenges a procedural ruling that foreclosed a merits determination of the habeas petition, *Gonzalez*, 545 U.S. at 532 n.4, or if it attacks "some defect in the integrity of the federal habeas proceedings," such as a claim that the opposing party committed fraud upon the federal habeas court. *Id.* at 532. "If the judge concludes that the motion is a true Rule 60(b) motion, the motion should be ruled upon in the manner any

other Rule 60(b) motion would be." *Bailey*, 2020 WL 1249686, at *5 (citing *Gonzalez*, 545 U.S. at 533–36); *see also Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004).

## III.   DISCUSSION

The thrust of Chimenti's argument is that the DAO "sat on evidence directly supportive of the claim before Judge Green." (ECF No. 56 at 14.)  In other words, while the DAO had previously confirmed defense counsel's subornation of perjury at trial, "those investigative findings were not provided to Judge Green or the defense." (*Id.* at 3.)

The DAO agrees that it "frustrated" Chimenti's "efforts to present evidence" before Judge Green.  (ECF No. 66 at 18.)  It points to its failure to acknowledge the "existence and scope" of its immunity agreements with witnesses who could have corroborated Chimenti's perjury claims.[3] (*Id.* at 13.)  Because those witnesses "were entitled to immunity," the argument goes, they "could have been compelled to testify about the perjury scheme." (*Id.* at 18.)

Though Chimenti and the DAO's united front renders this an unusual case, the Court does not write on a blank slate.  In particular, the Court finds guidance in *United States v. Brown*, No. 99-730, 2013 WL 3742444, at *8 (E.D. Pa. July 17, 2013), and *Rodwell v. Pepe*, 324 F.3d 66, 72 (1st Cir. 2003).  In *Brown*, a habeas petitioner sought relief under Rule 60 by arguing that, "because of prosecutorial misconduct, the [habeas] court was unable to fully utilize" evidence that was allegedly produced *after* denial of his petition.  2013 WL 3742444, at *8.  The *Brown* court

---

[3]     The DAO also identifies purported misrepresentations that it made to the PCRA Court in 1993.  (*See* ECF No. 66 at 7 ("[T]he Commonwealth argued in Chimenti's PCRA proceedings that . . . any offer of immunity the DAO had extended . . . was also nullified.").)  But, for purposes of the instant motion, the inquiry is centered on "defect[s] in the integrity of the *federal* habeas proceedings."  *Gonzalez*, 545 U.S. at 532 (emphasis added); *see, e.g.*, *Box v. Petsock*, No. 3:86-CV-1704, 2014 WL 4093248, at *13 (M.D. Pa. Aug. 18, 2014) (recognizing that "allegations of fraud on the trial court and on the PCRA court . . . may not be raised under" Rule 60(b)).

analogized the claim to a "new evidence" claim, and denied the motion as a result. *Id.*; *see Gonzalez*, 545 U.S. at 531 (characterizing a motion that "seek[s] leave to present newly discovered evidence in support of a claim previously denied" as one that should be construed as an unauthorized successive habeas petition (internal quotation marks and citations omitted)).

Similarly, in *Rodwell*, a habeas petitioner invoked Rule 60 to argue that evidence "was improperly withheld during earlier proceedings (including the original habeas proceeding)." 324 F.3d at 72. Describing petitioner's argument as "clever, but flawed," the United States Court of Appeals for the First Circuit reasoned as follows:

> The most that can be said for [petitioner's] present position is that the district court, if it had the benefit of a more elaborate presentation of the facts concerning the Faustian bargain between [a central witness] and the prosecutor, would have ruled differently in the habeas case and set aside the underlying conviction. So viewed, the motion before us is the practical equivalent of a second or successive habeas petition.

*Id.*; *see Gonzalez*, 545 U.S. at 531 (endorsing *Rodwell*).

The instant motion, like the one in *Rodwell*, is premised on evidence "improperly withheld during earlier proceedings." *Rodwell*, 324 F.3d at 72. And, as in *Rodwell*, the implication is that the habeas court, "if it had the benefit of a more elaborate presentation of the facts[,] . . . would have ruled differently . . . and set aside the underlying conviction." *Id.* Chimenti's request, then, constitutes an unauthorized successive habeas petition.

## IV.   CONCLUSION

As such, this Court has two options: either dismiss Chimenti's motion for want of jurisdiction, or transfer his claim to the Third Circuit under 28 U.S.C. § 1631. *See Robinson*, 313 F.3d at 139. In the interest of justice, the Court chooses the latter option. Chimenti's motion will

8

be transferred to the Third Circuit for consideration as a successive habeas corpus petition.  An appropriate order follows.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge