BLD-063
# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

C.A. No. **22-2808**

SALVATORE CHIMENTI, Appellant

v.

SUPERINTENDENT CRESSON SCI, et al.

(E.D. Pa. Civ. No. 2:98-cv-06151)

Present: AMBRO, KRAUSE, and PORTER, Circuit Judges

Submitted are:

(1) By the Clerk for possible dismissal due to a jurisdictional defect;

(2) By the Clerk for possible summary action under 3d Cir. L.A.R. 27.4 and I.O.P. 10.6; and

(3) Appellant's "Application for a Certificate of Appealability and Consolidated Brief in Support"

in the above-captioned case.

Respectfully,

Clerk

_____ORDER_____

    This appeal is dismissed for lack of jurisdiction. Appellant again seeks to appeal from the District Court's order transferring his Federal Rule of Civil Procedure 60(b) motion to this Court for consideration as an application to file a second or successive petition under 28 U.S.C. § 2254. See 28 U.S.C. § 2244. The transfer order is not appealable. See Murphy v. Reid, 332 F.3d 82, 83-85 (2d Cir. 2003) (per curiam); see also Subsalve USA Corp. v. Watson Mfg., Inc., 462 F.3d 41, 47 (1st Cir. 2006). Because

we lack appellate jurisdiction, we do not reach the issues concerning possible summary action or issuance of a certificate of appealability.

Although we lack jurisdiction over the appeal, we direct the Clerk to transfer Chimenti's "Application for a Certificate of Appealability and Consolidated Brief in Support" (COA Application) to the District Court for consideration as a motion under Federal Rule of Civil Procedure 60(b). See 28 U.S.C. § 1631 (permitting transfers in the interest of justice). We note that Chimenti's COA Application is essentially a "true" Rule 60(b) motion, as he argues, inter alia, that the integrity of the § 2254 proceedings was "significantly flawed" because the Commonwealth withheld "internal files contain[ing] memoranda demonstrating that" it "had for years believed that [Chimenti's trial] counsel suborned perjury." (Doc. 8, at 6 of 24); see Gonzalez v. Crosby, 545 U.S. 524, 532-33 (2005). We express no opinion on the timeliness or the merits of the claims raised in Chimenti's COA Application treated as a Rule 60(b) motion.

By the Court,

s/Thomas L. Ambro
Circuit Judge

Dated: January 13, 2023
Michael Wiseman, Esq.
Thomas C. Gaeta, Esq.
Ronald Eisenberg, Esq.

A True Copy:

Patricia S. Dodszuweit, Clerk
Certified Order Issued in Lieu of Mandate