IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SALVATORE CHIMENTI, : | | |
| Petitioner, : | | |
| : | | |
| v. : | Civil No. 2:98-cv-06151-JMG | |
| : | | |
| FREDERICK K. FRANK, *et al.*, : | | |
| Respondents. : | | |

MEMORANDUM OPINION

**GALLAGHER, J.**                                                                                                           August 30, 2023

Petitioner Salvatore Chimenti seeks relief under Rule 60 of the Federal Rules of Civil Procedure. Petitioner's motion is unopposed. Petitioner contends relief is warranted under Rule 60(b) and/or under Rule 60(d) because, Petitioner avers, the Philadelphia District Attorney's Office (DAO) committed fraud on the court before U.S. District Judge Clifford Scott Green when litigating Petitioner's federal habeas claims. More specifically, Petitioner contends the DAO withheld and misrepresented evidence to Judge Green, which prevented the fair proceeding of Petitioner's habeas claims and now warrants relief. Respondents agree relief is warranted under Rule 60 due to the DAO's past conduct.

Before the Court is Petitioner's "Application for a Certificate of Appealability and Consolidated Brief in Support" (COA Application) treated as a Rule 60(b) motion. Petitioner also moves for resolution of the pending Rule 60 motion. Because Petitioner's COA Application as a Rule 60(b) motion does not meet the demanding standard for relief under Rule 60(d), and is otherwise not timely under Rule 60(b), Petitioner's motion is denied. Accordingly, Petitioner's Motion for Resolution is denied as moot.

I.  **FACTS**

In front of the Court is Petitioner Chimenti's "Application for a Certificate of Appealability and Consolidated Brief in Support" (COA Application) treated as a Rule 60(b) motion. *See generally* Appellant's Appl. for a Certificate of Appealability, ECF No. 88. On January 13, 2023, the U.S. Court of Appeals for the Third Circuit directed "the Clerk to transfer Chimenti's 'Application for a Certificate of Appealability and Consolidated Brief in Support" (COA Application) to the District Court for consideration as a motion under Federal Rule of Civil Procedure 60(b)." U.S. Court of Appeals for the Third Circuit Order, ECF No. 77 at 2 (citing 28 U.S.C. § 1631). The Court of Appeals "note[d] that Chimenti's COA Application is essentially a 'true' Rule 60(b) motion, as he argues, inter alia, that the integrity of the [Section] 2254 proceedings was 'significantly flawed' because the Commonwealth withheld 'internal files contain[ing] memoranda demonstrating that' it 'had for years believed that [Chimenti's trial] counsel suborned perjury.'" *Id.* (internal citations omitted). The Court of Appeals "express[ed] no opinion on the timeliness or the merits of the claims raised in Chimenti's COA Application treated as a Rule 60(b) motion." *Id.*

In his COA Application, Petitioner contends his Rule 60(b) motion[1] is proper and warrants relief because Petitioner does not seek to establish a new ground of relief, nor does Petitioner criticize Judge Green's resolution of the ineffectiveness ground that was before him in federal

---

[1] Petitioner first moved for relief under Rule 60(b) on October 29, 2021. Pet'r's Mot. for Relief Under 60B, ECF No. 56. This Court transferred Petitioner's 60(b) motion to the U.S. Court of Appeals for the Third Circuit for consideration as an application to file a second or successive petitioner under Section 2254 of Title 28 of the United States Code. *See* ECF Nos. 68 (Memorandum Op.), 69 (Order). Petitioner then sought to appeal this Court's Order transferring Petitioner's 60(b) motion. The U.S. Court of Appeals dismissed Petitioner's appeal for lack of jurisdiction. ECF No. 77 at 1-2. As stated, the U.S. Court of Appeals also directed this Court to consider Petitioner's COA Application (ECF No. 88) as a motion for relief under Federal Rule of Civil Procedure 60(b). *Id.* at 2.

2

habeas proceedings; rather, Petitioner avers, the integrity of the federal habeas proceedings were flawed because of the Commonwealth's refusal to (1) provide evidence in its files relevant to the DAO's subornation of perjury and (2) to follow through on providing immunity to witnesses who would've testified to perjury.[2] So, in sum, Petitioner avers the DAO's previous actions of withholding and misrepresenting evidence to Judge Green prevented the fair proceedings of Petitioner's habeas claims. *See generally* ECF No. 88 at 4-6.

Upon the Third Circuit's Order and direction to this Court, this Court held a status conference with the Parties. In the conference—and as provided in Respondents' briefs—Respondents did not dispute that Petitioner is warranted relief under Rule 60(b). *See generally* Resps.' Suppl. Br. on Timeliness, ECF No. 85; *see also e.g.*, Resp. to Pet'r's Mot. for Relief from Final J. Pursuant to Fed. R. Civ. P. 60(B), ECF No. 66. This Court then directed the Parties to submit supplemental briefing on the following issue: whether Petitioner's Rule 60(b) motion is timely filed under Federal Rule of Civil Procedure 60(c) and in accordance with case law within the Third Circuit. *See* Order, ECF No. 82.

The Parties then submitted briefing concerning the timeliness issue. First, Petitioner contends he brings a Rule 60(b) motion for relief from a judgment or order on the following grounds for relief: "(3) fraud . . ., misrepresentation, or misconduct by an opposing party; . . . [and]

---

[2] *See generally* ECF No. 88. In federal habeas litigation in front of Judge Green, Petitioner sought relief on the grounds of ineffectiveness of trial counsel, alleging trial counsel suborned perjury during Petitioner's criminal trial in state court. *Id.* at 12- 13. In sum, Petitioner avers the DAO investigated Petitioner's trial counsel and obtained evidence in support of Petitioner's claims. *Id.* at 8-12. Then, in front of Judge Green, the DAO "failed to provide [this] information to the [district] [c]ourt that had been in its file." *Id.* at 4. Petitioner also contends the DAO improperly ". . . failed to keep its promise to provide immunity to witnesses that it knew had information helpful to Petitioner's claim." *Id.* So the "integrity of the proceedings in [habeas litigation in front of Judge Green] . . . were significantly flawed." *Id.* at 6.

(6) any other reason that justifies relief." FED. R. CIV. P. 60(b)(3), (b)(6).  Petitioner also contends his 60(b) motion is timely because "courts routinely treat Rule 60(b) motions as independent actions under Rule 60(d), and vice versa." Pet'r's Suppl. Br., ECF No. 83 at 1 (internal footnote omitted).  And, unlike motions brought under Rule 60(b), independent actions under Rule 60(d) do not have a limitations period. *See id.* So Petitioner contends that a one-year time limit is not applicable here because this action is not based on mere fraud but "fraud on the court"— claims of which can be brought indefinitely. *See id.* at 2.  Although Petitioner moved under Rule 60(b), he thus avers it is proper for the Court to consider a 60(b) motion as an independent action under Federal Rule of Civil Procedure 60(d).

Respondents agree with Petitioner that Petitioner's motion is timely under Rule 60(d), which has no time limit for bringing such actions.  ECF No. 85 at 1-2 (citing *In re Bressman*, 874 F.3d 142, 149 (3d Cir. 2017); also citing *Averback v. Rival Mfg. Co.*, 809 F.2d 1016, 1020 (3d Cir. 1987)).  Respondents further contend an action under 60(d) is "well suited to this matter—a practically sui generis case marred by years of 'egregious misconduct' on the part of the attorneys representing the Commonwealth." *Id.* at 2 (citing *Bressman*, 874 F.3d at 150).  Respondents assert "[h]ere, the Commonwealth, through its attorneys, misled Petitioner and the Court, causing serious harm to Petitioner and undermining the integrity of the judicial proceedings." *Id.* (citing Resp. to Pet'r's Rule 60(b) Mot., ECF No. 66, at 17) (acknowledging that "[t]he Commonwealth misrepresented the scope and validity of the DAO's promise of non-prosecution" and that "Chimenti was unable to rebut those misrepresentations because the Commonwealth did not disclose the [immunity] letters to the defense or acknowledge their existence.").  So Respondents contend "Petitioner's motion, although styled as a Rule 60(b) motion, falls with[in][*sic*] Rule 60(d)

and is appropriately treated as such." *Id.* (citing *Advanced Multilevel Concepts*, 2014 WL 6907973, at *3 n.4).

On June 9, 2023, following the Parties' submission of supplemental briefing, Petitioner filed a Motion for Resolution seeking resolution of his pending motion for relief under Rule 60. *See generally* Pet'r's Mot. for Resolution, ECF No. 87.

## II. LEGAL STANDARDS

Petitioner seeks relief under Federal Rule of Civil Procedure 60(b)—specifically subsections 60(b)(3) and 60(b)(6)—as well as Rule 60(d). First, "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Lazar v. Little*, 623 F. Supp. 3d 518, 523 (E.D. Pa. 2022) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 528, (2005); and citing *Klapprott v. United States*, 335 U.S. 601, 614-15 (1949) (finding Rule 60(b)(6), "the 'other reason' clause, for all reasons except the five particularly specified, vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice.")). Grounds for relief from a final judgment, order, or proceeding may be based on the following reasons, inter alia: "(3) fraud . . ., misrepresentation, or misconduct by an opposing party; . . . (6) any other reason that justifies relief." FED. R. CIV. P. 60(b)(3), (b)(6).

The type of fraud contemplated by Rule 60(b)(3) is "conduct [that] prevented the moving party from fully and fairly presenting his case." *Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir. 1983). The movant carries a heavy burden under Rule 60(b)(3) and must establish by clear and convincing evidence that the adverse party engaged in the type of fraud contemplated by the Rule. *United States v. Morgan*, No. 12-23, 2018 U.S. Dist. LEXIS 126426, at *13 (E.D. Pa. July 27,

2018). Furthermore, "Rule 60(b) motions are viewed as extraordinary relief which should be granted only where extraordinary justifying circumstances are present." *Id.* (quoting *Kiburz v. Sec'y, U.S. Dep't of the Navy*, 446 F. App'x 434, 436 (3d Cir. 2011)). "Failure to disclose or produce evidence requested in discovery can constitute Rule 60(b)(3) misconduct." *Stridiron*, 698 F.2d at 207.

Next, "Rule 60(b)(6) is a catch-all provision that authorizes a court to grant relief from a final judgment for 'any . . . reason' other than those listed elsewhere in the Rule." *Cox v. Horn*, 757 F.3d 113, 120 (3d Cir. 2014) (citing FED. R. CIV. P. 60(b)(6)). And "courts are to dispense their broad powers under 60(b)(6) only in 'extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur.'" *Id.* (quoting *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)).

The Federal Rules of Civil Procedure also govern the timeliness of claims under Rule 60(b). Rule 60(c) provides that Rule 60(b) motions "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c). Here, Petitioner moves for relief under Rule 60(b)(6), a catch-all provision extending beyond the explicit circumstances listed under Rule 60(b)(1-5) and provides relief where "any other reason . . . justifies relief." ECF No. 88 at 18 (quoting *Satterfield v. Dist. Att'y. Phila.*, 872 F.3d 152, 158 (3d Cir. 2014)).

Lastly, Petitioner also contends relief is appropriate under Rule 60(d)(3). Rule 60 "does not limit a court's power to . . . set aside a judgment for fraud on the court." *Gagliardi v. Courter*, 2011 U.S. Dist. LEXIS 16943, *6 (quoting FED. R. CIV. P. 60(d)(3)). "Fraud on the court . . . is fraud which is directed to the judicial machinery itself and is not fraud between the parties or

6

fraudulent documents, false statements or perjury." *Burton v. Horn*, No. CV 09-02435, 2018 WL 5264336, at *7 (E.D. Pa. Oct. 22, 2018) (quoting *Bulloch v. United States*, 763 F.2d 1115, 1121 (10th Cir. 1985) (emphasis added)).  The U.S. Court of Appeals for the Third Circuit has provided the following standard to apply to motions under Rule 60(d)(3):

> Actions for fraud upon the court are so rare that this Court has not previously had the occasion to articulate a legal definition of the concept. The concept of fraud upon the court challenges the very principle upon which our judicial system is based: the finality of a judgment. The presumption against the reopening of a case that has gone through the appellate process all the way to the United States Supreme Court and reached final judgment must be not just a high hurdle to climb but a steep cliff-face to scale.
>
> In order to meet the necessarily demanding standard for proof of fraud upon the court we conclude that there must be: (1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court. We further conclude that a determination of fraud on the court may be justified only by the most egregious misconduct directed to the court itself, and that it must be supported by clear, unequivocal and convincing evidence.

*Herring v. United States*, 424 F.3d 384, 386-387 (3d Cir. 2005) (internal quotations and citations omitted); *see also Hill v. Kauffman*, No. 14-CV-7399, 2015 U.S. Dist. LEXIS 15303, at *2-3 (E.D. Pa. Feb. 6, 2015) (applying legal standards concerning motions under Rule 60(d)(3) as outlined in *Herring*).  As stated, "only the most egregious conduct directed to the court itself" justifies a Rule 60(d)(3) determination.  *Herring*, 424 F.3d at 387 (citing *In re Coordinated Pretrial Proceedings in Antibiotic Antitrust Actions*, 538 F.2d 180, 195 (8th Cir. 1976)); *see also Pecina v. McDonald*, 795 F. App'x 124, 125 (3d Cir. 2019) ("The misconduct must be sufficiently egregious to warrant a departure from the doctrine of res judicata and justify relief from a judgment.").  The petitioner "must establish fraud by clear and convincing evidence which involved an unconscionable plan or scheme designed primarily to improperly influence the court in its decision." *Novartis Pharm. Corp. v. Adesanya*, 645 B.R. 733, 772 (E.D. Pa. 2022) (quoting *In re Marinari*, 596 B.R. 809, 824

7

n.23 (Bankr. E.D. Pa. 2019)); *see also Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978).

Fraud under Rule 60(d)(3) is distinct from the fraud contemplated by Rule 60(b)(3), and thus actions under Rule 60(d)(3) are not subject to the one-year statute of limitations of Rule 60(b)(3). *See Herring*, 424 F.3d at 389 (noting "an independent action alleging fraud upon the court is completely distinct from a motion under Rule 60(b)"); *see also e.g., Gagliardi*, 2011 U.S. Dist. LEXIS 16943, *6-7 ("Fraud on the court is distinct from the type of fraud covered by Rule 60(b)(3), which includes misrepresentations or misconduct by opposing parties or counsel in a case and remains subject to the one-year statute of limitations described above"); *Johnson v. United States*, No. 4:07CV00365 ERW, 2011 U.S. Dist. LEXIS 26794, at *2–3 (E.D. Mo. Mar. 16, 2011) ("Fraud on the court claims merit separate analysis not only because they are exempt from the one-year time-period for filing claims under Rule 60(b)(3), but also because they are much more difficult to prove") (quoting *Zurich N. Am. v. Matrix Serv.*, Inc., 426 F.3d 1281, 1291 (10th Cir. 2005)).

## III.    DISCUSSION

Petitioner contends, and Respondents do not dispute, that the Philadelphia District Attorney's Office (DAO) committed fraud on the court before U.S. District Judge Clifford Scott Green in 2000.[3] Here, the DAO has acknowledged that it impaired the integrity of the proceedings. *See generally* ECF No. 85 at 2 (internal citations omitted).

---

[3] Notably, Petitioner does not aver the Commonwealth committed fraud on the court throughout successive PCRA petitions. *See* ECF No. 88 at 13-14 (describing litigation concerning Petitioner's successive PCRA petitions supported by the DAO).

More specifically, Petitioner contends, in front of Judge Green, " . . . the [DAO]. . . failed to provide information to the Court that had been in its file for two decades." ECF No. 88 at 4. And "[t]he information was relevant, exculpatory and material to Petitioner's claim of ineffectiveness of counsel." *Id.* Petitioner also alleges the DAO ". . . failed to keep its promise to provide immunity to witnesses that it knew had information helpful to Petitioner's claim."[4] So the "integrity of the proceedings in [habeas litigation in front of Judge Green] . . . were significantly flawed." ECF No. 88 at 6. Further, "[t]he DAO had for years believed that counsel suborned perjury. Its internal files contain memoranda demonstrating that fact. But in shocking dereliction of its duty of candor to the tribunal, and due process of law, those investigative findings were not provided to Judge Green or the defense." *Id.* In sum, Petitioner avers, "the Commonwealth suppressed evidence under which Judge Green would have found ineffectiveness." *Id.* at 8. The DAO then "misrepresented the facts to Judge Green" because "it denied that [Petitioner's trial counsel] suborned perjury, when it knew it that was false." *Id.* at 22. And thus "a fraud was committed on the District Court by one of the parties to the litigation." *Id.* at 19. In conclusion,

---

[4] *Id.* (emphasis in the original). Petitioner suggests the DAO's failure to provide immunity to witnesses "for their truthful testimony related to trial counsel's misconduct" prevented Petitioner from presenting evidence concerning his trial counsel's subordination of perjury in his habeas litigation in front of Judge Green. *Id.* at 5-6. But habeas litigation occurred decades following the witnesses' alleged perjured testimony in Petitioner's state criminal trial. *See id.* at 8-9 (providing "The Commonwealth agreed to provide immunity to Mr. Chimenti and three other witnesses who perjured themselves at trial [in Philadelphia in the early 1980s] at [trial counsel's] insistence" (internal footnote omitted); *see also id.* at 12 (providing U.S. District Judge Green denied relief to Plaintiff following a hearing on July 5, 2000, in which Judge Green found no evidence that trial counsel suborned perjury). Petitioner fails to address why witnesses would be deterred from providing testimony at the habeas stage due to the DAO's failure to provide immunity—any testimony concerning the witnesses' earlier alleged perjury would fall well beyond the statute of limitations for perjury. *See Williams v. Martinez*, No. CIV.A. 06-735, 2006 WL 2588726, at *6 (E.D. Pa. Sept. 7, 2006) ("Pennsylvania's statute of limitations for perjury is five years from the date the perjury is committed.") (citing 42 Pa. Cons.Stat. § 5552(b)). Thus, at the habeas stage, witnesses would not risk threat of a perjury charge—regardless of the DAO's immunity promise.

Petitioner contends "the Commonwealth had hidden the contents of its file relevant to the subornation of perjury from both Petitioner and the District Court and refused to grant immunity to witnesses who would have testified to it, and proceeded to defend the conviction as if none of these improprieties existed . . . [so] the integrity of the proceedings were fatally flawed." *Id.* at 21.

"[F]raud on the court must involve truly egregious conduct, such as bribing a judge, tampering with a jury, hiring an attorney for the purpose of influencing a judge." *Hill*, 2015 U.S. Dist. LEXIS 15303 at *2-3 (quoting *United States v. Pelullo*, 2011 U.S. Dist. LEXIS 80154, *51 (D.N.J.2011) (citing *Herring*, 424 F.3d at 386)). On the other hand, "the type of fraud covered by Rule 60(b)(3) . . . includes misrepresentations or misconduct by opposing parties or counsel in a case and remains subject to the one-year statute of limitations." *Gagliardi*, No. CIV.A. 02-2035, 2011 WL 710221, at *2 (W.D. Pa. Feb. 22, 2011) (citing FED. R. CIV. P. 60(b)(3); and also citing *Hobbs v. Pennell*, Civ. No. 87–285–GMS, 2009 WL 1975452, at *3, n. 2 (D.Del. Jul. 8, 2009)).

Here, Petitioner's motion is unopposed. Respondents aver "the Commonwealth, through its attorneys, misled Petitioner and the Court, causing serious harm to Petitioner and undermining the integrity of the judicial proceedings." ECF No. 85 at 2 (citing Resp. to Pet'r's Rule 60(b) Mot., ECF No. 66 at 17 (acknowledging that "[t]he Commonwealth misrepresented the scope and validity of the DAO's promise of non-prosecution" and that "Chimenti was unable to rebut those misrepresentations because the Commonwealth did not disclose the [immunity] letters to the defense or acknowledge their existence.")). The Court notes the United States Supreme Court has found "[c]onfessions of error are, of course, entitled to and given great weight, <u>but they do not 'relieve this Court of the performance of the judicial function.</u>'" *Sibron v. New York*, 392 U.S. 40, 58 (1968) (emphasis added) (quoting *Young v. United States*, 315 U.S. 257, 258 (1942)).

Here, Petitioner—and Respondents—describe the actions of the DAO with varying conclusory language, but do not allege nor provide support for an intentional fraud on the court. *See e.g.*, ECF No. 88 at 4 (providing the DAO "failed to provide information to the Court"); *id.* (providing the DAO "failed to keep its promise to provide immunity"); *id.* at 6 (finding the DAO failed to provide "investigative findings . . . to Judge Green or the defense"); *id.* at 8 (finding the DAP "suppressed evidence"); and *id.* at 22 (providing the DAO "misrepresented the facts to Judge Green"). Petitioner's allegations, supported by Respondents, are without citation to the record of the case, and thus the Court has only the agreement of the Parties to consider under a "necessarily demanding standard for proof." *Herring*, 424 F.3d at 386.

Moreover, Petitioner's claims the DAO failed to produce certain evidence and misrepresented facts to Judge Green are more like the fraud covered by Rule 60(b)(3) than the rare and egregious conduct required under Rule 60(d). *Compare Gagliardi*, 2011 WL 710221 at *2 ("the type of fraud covered by Rule 60(b)(3) . . . includes misrepresentations or misconduct by opposing parties or counsel in a case and remains subject to the one-year statute of limitations") *and Stridiron*, 698 F.2d at 207 (finding the type of fraud contemplated by Rule 60(b)(3) is "conduct [that] prevented the moving party from fully and fairly presenting his case") (internal citation omitted) *with Hill*, 2015 U.S. Dist. LEXIS 15303 at *2-3 ("[F]raud on the court must involve truly egregious conduct, such as bribing a judge, tampering with a jury, hiring an attorney for the purpose of influencing a judge.") (internal citations omitted)). Moreover, here the Parties do not allege "[t]hese misrepresentations occurred repeatedly and permeated Petitioner's entire habeas proceedings at all levels." *Cf. Lazar v. Little*, 623 F. Supp. 3d 518, 524 (E.D. Pa. 2022). Petitioner thus does not meet the "necessarily demanding standard for proof of fraud upon the court . . . [of]: (1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and

11

(4) in fact deceives the court" through "supported by clear, unequivocal and convincing evidence." *Herring*, 424 F.3d at 386-387 (3d Cir. 2005) (internal quotations and citations omitted).

Lastly, Petitioner's claims under Rule 60(b) are untimely. Petitioner avers he obtained knowledge of the DAO's evidence and misrepresentations in 2018, and filed his Rule 60(b) motion seventeen months following final judgment in state court concerning a successive PCRA Petition. ECF No. 83 at 6. Here, "Petitioner's fraud allegations are properly construed pursuant to Rule 60(b)(3) and [thus] had to be raised within one year of Petitioner's discovery of the allegedly fraudulent conduct." *Hill*, 2015 U.S. Dist. LEXIS 15303 at *2-3 (citing *Gagliardi*, 2011 U.S. Dist. LEXIS 16943 at *6-7, 2011 WL 710221 (explaining that fraud on the court under Rule 60(d)(3) is reserved for egregious conduct and is distinct from the type of fraud covered by Rule 60(b)(3), which includes misrepresentations or misconduct by opposing parties or counsel in a case and remains subject to the one-year statute of limitations)).

Respondents aver "[t]he one-year deadline applicable to Rule 60(b)(3) motions is an affirmative defense, not a jurisdictional bar." ECF No. 85 at 3 (citing *United States v. McRae*, 793 F.3d 392, 401 (4th Cir. 2015); and *In re Cook Med., Inc.*, 27 F.4th 539, 542–43 (7th Cir. 2022)). The Court is not persuaded. The Federal Rules of Civil Procedure explicitly provide motions brought under Rule 60(b) "**must** be made within a reasonable time—and for reasons (1), (2), and (3) **no more than a year after the entry of the judgment** or order or the date of the proceeding." FED. R. CIV. P. 60(c) (emphasis added); *see also Lloyd v. Presby's Inspired Life*, 834 F. App'x 771, 773 (3d Cir. 2020) (citing FED. R. CIV. P. 60(c)(1)) ("Under Rule 60(c)(1), motions made under Rule 60(b)(2) or (b)(3) must be filed 'no more than a year after the entry of the judgment or order or the date of the proceeding.'"). And the U.S. Court of Appeals for the Third Circuit has found "[t]he one-year cut-off is an 'extreme limit, and the motion may be rejected as untimely if not

made within a reasonable time even though the one-year period has not expired.'" *Johnson v. Life Ins. Co. of N. Am.*, 626 F. App'x 379, 383 (3d Cir. 2015) (citing 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2866 (3d ed.2015) (internal quotation marks omitted)). Here, Petitioner did not pursue relief under Rule 60(b) until seventeen (17) months after final judgment in state court. Therefore, Petitioner's motion construed under Rule 60(b)(3) was not timely filed. *Nat'l Elevator Indus. v. McLaughlin*, 773 F. App'x 671, 673 (3d Cir. 2019) (finding motions ". . . made under subsection (b)(3) must be brought within one year of the entry of a final judgment") (footnote and internal quotations omitted).

Petitioner also moves for relief under Rule 60(b)(6). Motions made under Rule 60(b)(6) "are not subject to the one-year time provision but must be made 'within a reasonable time.'" *Lloyd*, 834 F. App'x at 773 (quoting FED. R. CIV. P. 60(c)(1)). "However, a party generally may not invoke Rule 60(b)(6) to evade application of the one-year time limitation prescribed for (b)(2) and (b)(3)." *Id.* "A party may use (b)(6) to avoid the time bar only when [they] show[] that 'the relief sought is based upon any other reason than a reason which would warrant relief under 60(b)[(2) and (3)],' and that extraordinary circumstances for disturbing the judgment exist." *Id.* (quoting *Stradley v. Cortez*, 518 F.2d 488, 493 (3d Cir. 1975) (internal quotation marks and citations omitted)).

Here, Petitioner's motion "came up short in both respects." *Id.* First, as stated, Petitioner's claims concerning counsel's withholding of evidence and factual misrepresentations to the court are most properly brought under Rule 60(b)(3), which "includes misrepresentations or misconduct by opposing parties or counsel in a case." *Gagliardi*, 2011 WL 710221, at *2 (citing FED. R. CIV. P. 60(b)(3)). And, moreover, Petitioner likewise did not show "extraordinary circumstances" required under Rule 60(b)(6). *Lloyd*, 834 F. App'x at 773 (citing *Cox v. Horn*, 757 F.3d 113, 115

13

(3d Cir. 2014) (quoting *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993)); *see also e.g., Hill*, 2015 U.S. Dist. LEXIS 15303, *3 (finding petitioner's allegations of alleged fraud committed by Philadelphia Assistant District Attorneys typical of claims under Rule 60(b)(3) and not "egregiousness"); *Stridiron*, 698 F.2d at 206 (finding "Rule 60(b)(3) provides for relief from a final judgment where there has been 'fraud . . ., misrepresentation, or other misconduct of an adverse party" as well as "[f]ailure to disclose or produce evidence") (internal citations omitted).

Because Petitioner's COA Application as a Rule 60(b) motion does not meet the demanding standard for relief under Rule 60(d), and is otherwise not timely under Rule 60(b), Petitioner's motion (ECF No. 88) is denied.

## IV.    CONCLUSION

For the foregoing reasons, Petitioner's COA Application and request for relief under Rule 60 of the Federal Rules of Civil Procedure (ECF No. 88) is denied.  Accordingly, Petitioner's Motion for Resolution (ECF No. 87) is denied as moot.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge